

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP S. FRANK**
*Senior Counsel*
Phone: (212) 356-0886
Fax: (212) 356-1148
pfrank@law.nyc.gov
(not for service)

October 7, 2019

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Aracelis Polanco as Administrator of the Estate of Layleen Cubilette-Polanco v. City of New York, et al.</u>, 19 CV 4623 (DLI) (SJB)

Your Honor:

    I am the attorney in the Office of the Corporation Counsel of the City of New York assigned to represent Defendant City of New York ("City")[1] in the above-referenced matter and representing Defendants Dr. Colleen Vessell and Deputy Warden Khalilah Perrino (sued herein as Khalilah Flemister) for the sole purpose of this application. Plaintiff, who is the mother and Administrator of the Estate of Layleen Cubilette-Polanco, asserts claims against the Defendants pursuant to 42 U.S.C. §1983 and the Americans With Disabilities Act, alleging that Defendants' deliberate indifference to the decedent's medical care while she was incarcerated at Rikers Island resulted in decedent's death on June 7, 2019. A response to the Complaint is due today from Defendants Vessell and Perrino.

    I recently learned that the Bronx District Attorney's Office ("DA's Office") is investigating the decedent's death. Following the conclusion of the DA's Office investigation, the Investigations Division of the New York City Department of Correction ("DOC") and its Health Affairs Unit will also conduct separate investigations to determine, <u>inter alia</u>, whether disciplinary charges should be brought against the individual Defendants. Therefore, in lieu of submitting a response to the Complaint, Defendants Vessell and Perrino respectfully request that this matter be stayed until the DA's Office has determined whether it will bring any criminal charges related to decedent's death and the agency investigations into this matter have

---

[1] Defendants City and Williams have not yet been served with process.

concluded. I have conferred with Plaintiff's counsel, David B. Shanies, Esq., and he does not consent to this request.

It is well settled that federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993); Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). District courts routinely exercise this discretionary power when confronted with the concurrent pendency of civil and criminal proceedings involving the same or related subject matter. Kashi v. Gratsos, 790 F.2d at 1057 (holding that while "the Constitution…does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings…a court may decide in its discretion to stay civil proceedings") (internal citations omitted); Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.")

Here, a stay is warranted because until the DA's Office has determined whether it will bring criminal charges and the DOC internal investigations are completed, the parties will not have access to discoverable information that is vital to the progress of this litigation. Specifically, the law enforcement privilege prevents disclosure of a pending investigation in order to, among other things, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, 194 F.R.D 88, 93 (S.D.N.Y. 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988)). Similarly, the pending internal DOC investigations files are protected from discovery by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) "designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials," and (2) "based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news;" an inter-agency or intra-agency document may be subject to the privilege if it is both predecisional and deliberative) (internal citations and quotations omitted). Thus, until the DA's Office and the DOC Investigations Division and Health Affairs Unit investigations are complete, the parties will not have access to the basic documents necessary to litigate this case.

A stay is also warranted because Defendants will be prejudiced absent access to the information compiled by the Bronx DA's Office and the DOC internal investigations into the circumstances surrounding decedent's death while in custody. The fact that criminal charges may be brought against individual City employees precludes this Office from accessing documents and records that are relevant to this case. Defendants can neither adequately evaluate the case, nor mount a defense in this action without first having access to this information. Similarly, the fact that the criminal investigation is presently ongoing prohibits all the parties, including Plaintiff, from accessing the relevant documents and witnesses.

Finally, the requested stay will allow this Office to make representation decisions as to Defendants Vessell and Perrino pursuant to state law (see General Municipal Law § 50-k; Mercurio v. The City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985)). Those decisions,

however, cannot be made until it is determined whether either of these Defendants was "acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." N.Y. Gen. Mun. Law § 50-k(2). These determinations cannot be made until the current investigations are completed. (However, this Office has undertaken to represent Defendants Vessell and Perrino solely for the purpose of this request.)

While the DA's Office and internal DOC investigations are ongoing, this Office is unable to properly determine whether we may represent the individual Defendants as this Office cannot interview these Defendants or obtain any documents concerning the subject incident. Additionally, should this Office take on their representation at this time, there may be conflicts later should any charges be brought and substantiated. In the event that separate counsel undertakes representation of the individual Defendants at this time, this matter may later be subject to delays in the event that this Office eventually determines that it may represent the individual Defendants once the investigations are complete.

Thus, in the interest of judicial economy and efficiency, Defendants respectfully request that this matter be stayed until the conclusion of the investigations by the DA's Office and DOC.

I thank the Court for its consideration of this request.

                              Respectfully submitted,

                              /s/

                              Philip S. Frank
                              Assistant Corporation Counsel

cc:    All counsel of record (via ECF)