# DAVID B. SHANIES LAW OFFICE

411 Lafayette Street
Sixth Floor
New York, New York 10003
*t: (212) 951-1710*
*f: (212) 951-1350*
www.shanieslaw.com

BY ECF

The Honorable Sanket J. Bulsara
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

October 16, 2019

Re:   *Polanco v. City of New York et al*. 19-cv-4623 (DLI) (SJB)

Dear Judge Bulsara:

I write on behalf of Plaintiff Arecelis Polanco, mother of the late Layleen Cubilette-Polanco, to oppose Defendants' motion to stay this civil action until the conclusion of any and all "investigations" by the City itself and by the Brooklyn District Attorney's Office – a non-party that has not joined in the City's request.

More than four months ago, the City's spokesperson said, "Layleen's family and all New Yorkers deserve answers, and we're working quickly to determine the cause of her tragic death." (Michael Gold and Sean Picolli, *After a Transgender Woman's Death at Rikers, Calls for Justice and Answers*, N.Y. TIMES June 11, 2019, available at https://nyti.ms/2F2ImXI).  Public Advocate Jumaane Williams has demanded answers about Layleen's death.  (Jumaane Williams, Letter to Correction agencies, *available at* http://bit.ly/PubAdvPolanco).  Many other city, state, and national leaders have strongly supported the Polanco family's efforts to learn the truth about Layleen's death.

Contrary to its commitment to help Layleen's family find the answers they deserve, the City now seeks to block Ms. Polanco's lawsuit indefinitely on the basis of

various "investigations," including its own investigation, as well as any investigation conducted by the Bronx District Attorney's Office.

Defendants ignore the fact that the stay they seek is an "extraordinary remedy" and one "disfavored" by the courts. *JHW Greentree Capital, L.P. v. Whittier Tr. Co.*, No. 05-cv-2985, 2005 U.S. Dist. LEXIS 14687, at *3 (S.D.N.Y. July 22, 2005) ("absent an indictment, a stay is an extraordinary remedy and disfavored."). While district courts have granted stays in cases where there are related and ongoing *criminal proceedings*, there is no such proceeding here. The Second Circuit has noted that staying a civil case, even where there is a related criminal *prosecution*, "has been characterized as an extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012).

District courts within this Circuit typically utilize a six-factor test in deciding whether to grant this extraordinary remedy:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99. None of the factors supports a stay here. As to the first two factors, "[a]bsent indictment, the scope and nature of the criminal investigation is unknown" and a court "cannot determine the extent to which an indefinite criminal case overlaps with a pending civil action." *JHW Greentree Capital, L.P.*, 2005 U.S. Dist. LEXIS 14687, at *3. Moreover, neither of the moving Defendants suggests that they are subjects or targets of a possible criminal prosecution. No party has raised any concern about Fifth Amendment issues or any other cause for concern.

As to the third factor, Ms. Polanco has an interest in proceeding expeditiously, as "parties who claim to have been victimized" by criminal action "are entitled to pursue their civil remedies, and it would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001). It would be even more perverse if the City were permitted to block a civil action by declaring that its own "investigation" precludes litigation against it.

Defendants cannot point to any additional burdens here from proceeding with the case, save that Corporation Counsel must make a representation decision. Defendants' attorneys claim that they cannot make a decision as to representation until the investigations have been completed, but the Corporation Counsel (a) frequently represents parties while investigations are ongoing, (b) can obtain outside counsel for the Defendants if it is unable to represent them, and (c) will represent the City of New York regardless of that decision.[1] As to the sixth factor, the Mayor of the City of New York has publicly acknowledged that there is public interest in pursuing discovery and investigating what occurred in this case. A stay would delay the discovery of information Layleen's family desperately needs to begin healing from their tragic loss.

The case law cited by Defendants in support of their request for a stay shows the lack of support for their request. *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995), which they cite for the proposition that it is "well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings," was a case dealing with a Section 1983 plaintiff's criminal prosecution, which was pending at the same time as his civil action for false arrest. That set of facts bears no resemblance to this case, where no other "proceedings" exist. Defendants assert that stays are granted "routinely," but they cite no case from this millennium to support that proposition.[2]

Importantly, neither the Bronx District Attorney's Office nor any other law enforcement agency has asked for a stay or communicated any belief that this lawsuit might interfere with its investigative duties. I have communicated numerous times with the prosecutor handling this matter, and I informed him well in advance that we would be filing this lawsuit. The District Attorney's Office expressed no objection or concern that the lawsuit might impede its investigative work.

Defendants baselessly claim that, because of the District Attorney's investigation, "the parties will not have access to the basic documents necessary to litigate the case." Defendants offer no explanation of why that would be true, and it is not. Ms. Polanco has already obtained Layleen's medical records from the Department

---

1. The City of New York has been served with process and its answer is not yet due. The other named defendant, Chanze Williams, was served, but Plaintiff's counsel has communicated with him and believes he was misidentified. We will not file proof of service for Defendant Williams, but instead we intend to substitute the correct defendant once we ascertain the identity of "Officer Williams" with DOC badge number 15974.

2. The cases upon which Defendants rely involved either pending criminal cases – *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995); *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 38 (S.D.N.Y. 1993) – a "Section 305" notice served by the Food and Drug Administration communicating its intention to file criminal charges – *United States v. Kordel*, 397 U.S. 1, 4 (1970) – or the fact that a party was known to be "the target of a federal grand jury investigation" – Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (rejecting a defendant's argument that the district court should have extended a stay, where no criminal proceeding was ever commenced).

of Correction itself (under the New York Public Health Law).  Ms. Polanco obtained the autopsy report from the Office of the Chief Medical Examiner.  The Department of Correction's reports, video recordings, and other evidence concerning this case are not rendered off-limits simply because the District Attorney's Office may be conducting an investigation.  There is no reason that whatever records may have been obtained by the District Attorney's Office cannot also be obtained as part of discovery in this case.  With respect to the hypothetical privilege and work product issues Defendants pose, Defendants do not need the District Attorney's Office's work product or other privileged documents to defend themselves here, and if a privilege issue exists, it will remain an issue regardless of the status of any criminal investigation or proceeding.  In any event, privilege issues routinely arise in civil cases, and Section 1983 cases in particular, and they are dealt with as part of the discovery process.

       A stay is an extraordinary remedy and Defendants have not established the need for one here.  Plaintiff deserves to pursue the case with deliberate speed.  For the foregoing reasons, the Defendants' motion should be denied.

       Respectfully Submitted,

       *David B. Shanies*

       David B. Shanies