

**THE CITY OF NEW YORK**

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP S. FRANK**
Phone: (212) 356-0886
Fax: (212) 356-1148
pfrank@law.nyc.gov
(not for service)

October 30, 2019

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Aracelis Polanco as Administrator of the Estate of Layleen Cubilette-Polanco v. City of New York, et al.</u>, 19 CV 4623 (DLI) (SJB)

Your Honor:

I am the attorney in the Office of the Corporation Counsel of the City of New York assigned to represent Defendant City of New York ("City") in the above-referenced matter and representing Defendants Dr. Colleen Vessell and Deputy Warden ("DW") Khalilah Perrino (sued herein as Khalilah Flemister) for the sole purpose of Defendants' application for a stay.[1] Plaintiff, who is the mother and Administrator of the Estate of Layleen Cubilette-Polanco, asserts claims against the Defendants pursuant to 42 U.S.C. §1983 and the Americans With Disabilities Act, alleging that Defendants' deliberate indifference to the decedent's medical care while she was incarcerated at Rikers Island resulted in decedent's death on June 7, 2019.

I write in further support of Defendants' letter request dated October 7, 2019 for a stay of the matter (Dkt. No. 13) – pending the completion of the investigation into the death of the decedent by the Bronx District Attorney's Office ("DA's Office") and the Investigations Division ("ID") of the New York City Department of Correction ("DOC") – and in response to Plaintiff's opposition letter dated October 16, 2019 (Dkt. No. 15) ("Plaintiff's letter"). For the reasons set forth herein and in Defendants' letter of October 7, 2019, the Court should grant a stay that Defendants estimate will last approximately four to five months.

---

[1] Defendant Williams has not yet been served with process. Defendant City, which was only recently served – its response to the Complaint is currently due on November 5, 2019 – joins in Dr. Vessel and DW Perrino's letter request of October 7, 2019 to stay the matter.

Plaintiff's letter first argues that a stay of the matter would cause undue delay of the case. I have spoken to the Chief of the Public Integrity Bureau at the Bronx DA's Office, however, who advised that the DA's Office investigation will end within 30 days. Indeed, the DA's Office also advised that it will be meeting with the decedent's family to discuss the matter as early as next week, on November 7, 2019. Following the conclusion of the DA's Office investigation, ID will conduct a separate, internal investigation to determine, *inter alia*, whether disciplinary charges should be brought against the individual Defendants. ID estimates that its investigation will take approximately three to four months. Accordingly, Defendants estimate that the stay of this matter will last approximately four to five months. The delay occasioned by such a stay is not extensive, in particular, given that Defendants would potentially seek an enlargement of up to 60 days to respond to the Complaint in order to fully investigate the allegations and prepare an appropriate response.

Contrary to Plaintiff's assertion of delay, a stay of the matter will help streamline discovery. This is because as part of the ID investigation, DOC investigators identify and interview witnesses to the incident, including the involved correction officers, other DOC personnel, and any civilian witnesses, including other inmates. The DOC investigators also collect numerous documents related to the incident. Once the internal ID investigation is complete, any relevant and non-privileged documents and statements, including video recordings, can be produced to the parties, thereby providing an early window into the testimony of the involved individuals. As such, the work conducted by DOC investigators will aid both parties in the litigation of this case and will streamline discovery. See Felix v. City of New York, 16-CV-5845 (AJN), 2016 U.S. Dist. LEXIS 120000, *7 (S.D.N.Y. September 6, 2016) (granting a stay pending NYPD's internal investigation) ("Once the stay is lifted…discovery into the central figures and events in this matter will likely be substantially facilitated by the investigative efforts already undertaken by the NYPD.")

Despite Plaintiffs' conclusory argument that the parties will have access to DOC reports and video recordings, these internal DOC investigative materials cannot be disclosed until after the ID investigation is complete pursuant to the deliberative process privilege and the law enforcement privilege. This is because the work conducted by ID to date is "pre-decisional" and "deliberative." Tigue v. U.S. Dep't of Justice, 312 F.3d 70, 76-77 (2d Cir. 2002). Once the investigation is complete, however, much of the material gathered or prepared will no longer fall within the ambit of the deliberative process privilege, and any relevant and non-privileged materials can be produced to Plaintiff.

The law enforcement privilege also prevents disclosure of a pending investigation in order to, among other things, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, 194 F.R.D 88, 93 (S.D.N.Y. 2000) (emphasis provided) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988)). The effectiveness of DOC's internal ID investigation relies in part on the subjects of the investigation and other witnesses, including nonparty inmates, not having their testimony colored by the release of information in the possession of DOC. Should attorneys from the civil action begin contacting witnesses regarding information received in discovery, ID's ability to get

2

unbiased statements and evidence may be jeopardized. Thus, in addition to the deliberative process privilege, any documents pertaining to the pending investigations would be protected from disclosure by the law enforcement privilege as well until the internal ID investigation has been completed. Consequently, Defendant City can neither identify any witnesses, nor mount a defense in this action. Indeed, neither party would have access to this investigative information until the internal investigation concludes.

Because of the open DA's Office and ID investigations, this Office also cannot make a determination as to whether this Office can represent each of the individual Defendants since this Office must first determine, pursuant to N.Y. Gen. Mun. Law § 50-k(2), whether each individual Defendant was "acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Plaintiff argues that even if this Office cannot make a determination whether to represent the individual Defendants until the completion of these investigations, this Office "can obtain outside counsel for the [individual] Defendants." Plaintiff's letter at 3. Forcing the individual Defendants to retain outside counsel, even for a short period of time, puts unnecessary burden on the City and on the individual Defendants. It is the right of City employees' to receive representation from this Office pursuant to N.Y. Gen. Mun. Law § 50-k(2). And it this Office's mandate under State statutes and the City Charter to provide representation to those City's employees who want it and who were acting within the scope of their employment.

Also, although this Office represents Dr. Vessel and DW Perrino solely for purposes of this request, best practices prevent this Office from communicating with them at all about the substance of the allegations in the Complaint until the resolution of the proceedings. Otherwise, if any Defendant is found to have violated DOC procedures, a conflict of interest will arise, resulting in this Office's having to terminate representation and causing undue burden and expenditure of resources. See Muniz v. City of New York, 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, *4-5, 2012 WL 3104898 (S.D.N.Y. July 17, 2012) (granting stay as to individual correction officer Defendants pending the completion of the internal DOC investigation) ("it is obvious that the resolution of the DOC investigation would greatly assist corporation counsel in determining whether to represent the [correction officer ("CO")] defendants. What's more, to protect against possible conflicts of interest, corporation counsel has limited contact with these defendants before deciding whether to represent them. The CO defendants cannot be assured of a diligent defense in these circumstances.") If this Office cannot communicate with the individual Defendants, the City cannot even offer a version of the events in question, let alone prepare an effective defense of the claims asserted by Plaintiff.

Although Plaintiff's letter distinguishes the case at bar from cases involving parallel criminal investigations, Plaintiff fails to address the numerous cases granting Defendant City a stay pending the completion of internal agency investigations. Indeed, the District Courts for the Southern and Eastern Districts of New York routinely grant such stays. See Felix, 2016 U.S. Dist. LEXIS 120000 (granting stay pending NYPD's internal investigation); Muniz, 2012 U.S. Dist. LEXIS 99826 (granting stay as to individual correction officer defendants pending the completion of the internal DOC investigation); Ross v. Wills, 16 Civ. 6704 (PAE) (KNF), at Dkt. No. 28 (S.D.N.Y. August 24, 2017) (granting Defendant City's request for a stay due to a

3

pending DOC ID investigation); Ortiz v. City of New York, et al., 13 Civ. 7367 (LTS), at Dkt. No. 17 (S.D.N.Y. May 30, 2014) (granting Defendant City's request for a stay due to a pending Civilian Complaint Review Board investigation); Gannaway v. City of New York, et al., 13-CV-5702 (KAM)(CLP), at Dkt. No. 12 (E.D.N.Y. Apr. 24, 2014) (same); Chepilko v. City of New York, 06 CV 5491 (ARR) (LB), 2010 U.S. Dist. LEXIS 103080, *1-2, 2010 WL 3926186 (E.D.N.Y. September 7, 2010) (staying the case pending the DA's Office investigation into whether to bring criminal charges against any of the individual Defendants).

To decide whether a stay is appropriate, courts consider the following factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. Felix, 2016 U.S. Dist. LEXIS 120000, *5-6 (internal citations omitted). Here, the factors weigh in favor of a stay. While Plaintiffs have an interest in attempting to resolve their claims against the Defendants expeditiously, the anticipated stay of four to five months is not excessive and will not prejudice Plaintiff. In fact, as noted above, the stay will help streamline discovery by enabling the internal ID investigation to gather evidence and proceed without interference. Defendants, however, would be burdened by having to obtain conflict counsel for Dr. Vessel and DW Perrino, or forcing them to retain their own counsel, and by not having the ability to present a defense due to the City's inability to communicate with them. The public interest, the Court and the parties will be served by an expeditious completion of the investigations by the DA's Office and DOC in their search for the truth. Indeed, if Plaintiff sincerely wants to "learn the truth about [the decedent's] death" (Plaintiff's letter at 1), the best way to achieve that goal is to allow these investigations to be conducted unimpeded. At their conclusion, the litigation can then resume.

Accordingly, Defendants respectfully request that this matter be stayed until the conclusion of the investigations by the DA's Office and DOC.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Philip S. Frank
Assistant Corporation Counsel

cc:   All counsel of record (via ECF)