# DAVID B. SHANIES LAW OFFICE

411 Lafayette Street<br>
Sixth Floor<br>
New York, New York 10003<br>
t: (212) 951-1710<br>
f: (212) 951-1350<br>
www.shanieslaw.com

BY ECF

The Honorable Sanket J. Bulsara
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

October 16, 2019

Re:     *Polanco v. City of New York et al.* 19-cv-4623 (DLI) (SJB)

Dear Judge Bulsara:

I write on behalf of Plaintiff Arecelis Polanco, mother of the late Layleen Cubilette-Polanco, to respond to Defendants' second motion to stay this civil action.

Defendants' second stay motion, now joined by the City, is groundless. Defendants make no factual showing to support their naked assertion that a stay is necessary to prevent "interference" with a law enforcement investigation. The Bronx District Attorney's Office has no issue with this civil lawsuit and is not seeking a stay. The City presents no declaration or other competent evidence to support the assertion that this lawsuit might unduly prejudice anyone.[1]

---

1. Nor does the City make any showing that its own Department of Correction's ("DOC") internal investigation is a "law enforcement" matter. *See, e.g.*, *Bell v. Poole*, No. 00-CV-5214 (ARR), 2003 U.S. Dist. LEXIS 8231, at * 10, 18 & n.3 (E.D.N.Y. Apr. 10, 2003) (noting that DOC "'is seemingly not a law enforcement agency,'" and acknowledging a state court decision that "cited New York caselaw holding that the DOC and the New York State Department of Correctional Services are not law enforcement agencies").

To The Honorable Sanket J. Bulsara										October 31, 2019

Defendants cite to six cases to support their stay request. In half of those cases – *Felix*, *Gannaway*, and *Chepilko* – the plaintiff(s) consented to a stay.[2] In *Ross v. Wills*, the district court granted a 43-day stay where a *pro se*, incarcerated plaintiff was in the process of amending his complaint.[3] In *Ortiz v. City of New York*, the district court granted a stay via letter endorsement with no explanation of its reasons.[4] Finally, in *Muniz v. City of New York*, the Court granted a partial stay: staying the case as to individual defendants but ordering that discovery proceed as against the City. *Muniz v. City of New York*, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4-5 (S.D.N.Y. July 17, 2012) ("the court cannot perceive why this circumstance would warrant a complete stay of the present action"). It was incomplete to cite to *Muniz* without noting that aspect of the court's ruling.

With no factual showing to support its request, the Defendants' motion should be denied. Plaintiff is diligently pursuing her claims and deserves the same opportunity to conduct discovery and investigation as the Defendants. We have learned in our investigation that some witnesses have changed locations and others are expected to move in the near future. As such, Plaintiff would be prejudiced by delay.

To the extent representation is the issue, the solution is clear – the individual defendants should have separate counsel. As City employees, they are entitled to representation unless and until there is a "disciplinary proceeding" by their employer. *See* N.Y. Gen. Mun. L. § 50-k(3)-(5). There is no requirement that the representation be the New York City Law Department, and indeed the City has arranged for separate representation of employees many times. It can easily do so here. And contrary to the City's suggestion that a conflict of interest *could* arise, the conflict obviously already exists. The New York City Law Department requested a stay, supposedly on behalf of the individual Defendants, on the basis that the subjects of the City's investigation should not have access to information while the investigation is ongoing. (Docket Entry No. 16 at 2.) But those subjects *are* the individual Defendants. No law firm would undertake simultaneous representation of an entity in an internal investigation *and* the employees implicated in that investigation. The fact that the Law Department acknowledges it is not even speaking to its supposed "clients" about the case (*id.* at 3) underscores the obvious: there *is* a conflict of interest.

Finally, Defendants' suggestion that the "law enforcement privilege" and/or "deliberative process privilege" render all materials and documents relevant to

---

2. *See Felix v. City of New York,* No. 16-CV-5845 (AJN), 2016 U.S. Dist. LEXIS 120000, at *6-7 (S.D.N.Y. Sep. 6, 2016); *Gannaway v. City of New York*, No. 13-CV5702 (KAM) (CLP), at Dkt. Entry No. 12 (E.D.N.Y. Apr. 24, 2014); and *Chepilko v. City of New York*, No. 06 CV 5491 (ARR) (LB), 2010 U.S. Dist. LEXIS 103080, at Dkt. Entry No. 49 (E.D.N.Y. July 10, 2008).

3   *Ross v. Wills*, No. 16 Civ. 6704 (PAE) (KNF), at Dkt. No. 28 (S.D.N.Y. August 24, 2017).

4. *Ortiz v. City of New York*, No. 13 Civ. 7367 (LTS), at Dkt. Entry No. 17 (S.D.N.Y. May 30, 2014).

To The Honorable Sanket J. Bulsara October 31, 2019

this case off-limits is flat-out wrong. Defendants' implication is that when there is a law enforcement investigation, everything pertaining to that investigation becomes "privileged." That is not so, and Defendants provide no support for such a sweeping assertion. To the contrary:

> The mere fact that information was obtained through an undercover investigation does not render it privileged. Rather, the City must make a clear and specific showing that its disclosure would jeopardize that investigation or future investigations.

*Schiller v. City of New York*, 244 F.R.D. 273, 281 (S.D.N.Y. 2007) (*quoting Vodak v. City of Chi.*, No. 03 C 2463, 2004 U.S. Dist. LEXIS 18070, at *23-24 (N.D. Ill. Sept. 9, 2004) ("rejecting suggestion that law enforcement privilege 'creates a blanket exemption from disclosure for all materials gathered in a law enforcement investigation without an analysis of the specific types of information gathered in each case and a specific showing of harm from disclosure'"). There has been no such showing here.

Defendants have not made the showing necessary to obtain a stay. Plaintiff respectfully requests that the Court deny Defendants' motions and allow this case to proceed expeditiously and equitably as to all parties.

Respectfully Submitted,

*David B. Shanies*

David B. Shanies

3