UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARACELIS POLANCO, *as Administrator of the*
ESTATE OF LAYLEEN CUBILETTE-POLANCO,

                                                                    Plaintiff,

-against-

THE CITY OF NEW YORK, COLLEEN VESSELL,
TYKISHA WILLIAMS, TALAYA GALES, BIANCA
GARCIA, SHEVONNE DAVIS, and JANE DOE,

                                                                    Defendants.

**ANSWER TO AMENDED COMPLAINT**

19 CV 4623 (DLI) (SJB)

------------------------------------------------------------------------ x

        Defendants City of New York ("City") and Dr. Colleen Vessell ("Answering Defendants"), by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint dated November 15, 2019 (the "Amended Complaint") (dkt. no. 19), respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that decedent Layleen Cubilette Polanco ("decedent") died on June 7, 2019 at the Rose M. Singer Center ("RMSC") on Rikers Island and that, upon information and belief, decedent was 27 years old.

        2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Amended Complaint, except admit that decedent was a transgender woman.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint, except admit that decedent was a pretrial detainee and as such was presumptively innocent and that, upon information and belief, her bail was set at $500, which she did not meet.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except without admitting the truth or accuracy of the statements set forth therein, admit upon information and belief that Dr. Homer Venters made the statements attributed to him.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, and without admitting the truth or accuracy of the statements set forth therein, respectfully refer the Court to the books cited therein for a complete and accurate statement of their contents.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that Plaintiff purports to lay venue in this judicial district as set forth therein.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint, except admit that decedent died while incarcerated at RMSC on Rikers Island.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint, except admit that defendant City is a municipal corporation existing pursuant to the laws of the State of New York.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, except admit that Dr. Vessell was employed by New York City Health + Hospitals, Correctional Health Services on June 7, 2019, and resides in Kings County, and state that the

allegation that Dr. Vessell was "acting under color of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that CO Tykisha Williams was employed by the New York City Department of Correction ("DOC") on June 7, 2019, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding her residence, and state that the allegation that CO Williams was "acting under color of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that CO Talaya Gales was employed by DOC on June 7, 2019, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding her residence, and state that the allegation that CO Gales was "acting under color of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that CO Bianca Garcia was employed by DOC on June 7, 2019, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding her residence, and state that the allegation that CO Garcia was "acting under color of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, except admit that Captain Shevonne Davis was employed by DOC on June 7, 2019, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding her residence, and state that the allegation that Captain Davis was "acting under color

of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint, except admit that Plaintiff purports to proceed as stated therein.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint, except admit that decedent was a transgender woman.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that decedent was arrested on or about April 13, 2019 for misdemeanor charges and that on or about April 19, 2019, decedent was transferred to RMSC.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that schizophrenia and epilepsy are treatable conditions, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether decedent lived with schizophrenia and/or epilepsy.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint, except admit upon information and belief that decedent was prescribed an anti-seizure medication.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint, except admit that DOC regulations preclude inmates with serious mental or physical disabilities or conditions from being assigned to Punitive Segregation housing.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint, except admit that on May 30, 2019, decedent was transferred to RMSC Building 12, a Restrictive Housing Unit ("RHU"), as the result of a 20-day disciplinary disposition.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint, except deny that decedent was at heightened risk of death or serious physical harm if placed in RHU.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint, except admit that Dr. Vessell noted in decedent's medical records "no acute contraindication to the RHU."

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint, and affirmatively aver that decedent was housed in a restrictive housing unit on June 7, 2019.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint, except admit that between 12:00 p.m. and 3:00 p.m. on June 7, 2019, correction officers, including Captain Davis, CO Williams and CO Garcia, repeatedly looked into decedent's cell, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether CO Gales looked into decedent's cell at that time.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint, except admit that at approximately 2:43 p.m. a correction officer knocked on decedent's cell door.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint, except admit that Captain Kimberly McZick arrived and entered decedent's cell.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint, except admit that officers found decedent unresponsive in her cell.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. Admit the allegations set forth in paragraph "61" of the Amended Complaint.

62. Admit the allegations set forth in paragraph "62" of the Amended Complaint.

63. Admit the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Amended Complaint, except admit that in calendar years 2010 through 2016 there were approximately 110 inmate deaths in New York City jails.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint, and without admitting the truth or accuracy of the statements set forth therein, respectfully refer the Court to *Life and Death in Rikers Island* by Dr. Venters for a complete and accurate statement of its contents.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint, and without admitting the truth or accuracy of the statements set forth therein, respectfully refer the Court to *Life and Death in Rikers Island* by Dr. Venters for a complete and accurate statement of its contents.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Amended Complaint, except deny the allegations that Dr. Venters's recommendation did not result in policy changes.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Amended Complaint.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74. Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint, except admit that in April 2019 the City entered into a multimillion dollar settlement regarding the 2014 death in DOC custody of Rolando Perez.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Perez's housing status and cause of death.

78. Deny the allegations set forth in paragraph "78" of the Amended Complaint, except admit that in or about August 2016 the City entered into a multimillion dollar settlement with the estate of Victor Woods.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Woods suffered from seizures while in DOC custody.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Amended Complaint, except admit that in September 2016 the City entered into a multimillion dollar settlement with the estate of Bradley Ballard.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Amended Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Amended Complaint, except admit that Ballard's death was ruled a homicide.

83. Deny the allegations set forth in paragraph "83" of the Amended Complaint.

84. Deny the allegations set forth in paragraph "84" of the Amended Complaint, and without admitting the truth or accuracy of the statements set forth therein, respectfully refer the Court to the report cited therein for a complete and accurate statement of its contents.

85. Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86. Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89. In response to the allegations set forth in paragraph "89" of the Amended Complaint, Answering Defendants repeat and reallege each of their responses to paragraphs "1" through "88" of the Amended Complaint as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the Amended Complaint except admit that Dr. Vessell, CO Williams, CO Gales, CO Garcia and Captain Davis were employed by the City on June 7, 2019.

91. Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92. Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93. In response to the allegations set forth in paragraph "93" of the Amended Complaint, Answering Defendants repeat and reallege each of their responses to paragraphs "1" through "92" of the Amended Complaint as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95. Deny the allegations set forth in paragraph "95" of the Amended Complaint.

96. Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97. Deny the allegations set forth in paragraph "97" of the Amended Complaint.

98. Deny the allegations set forth in paragraph "98" of the Amended Complaint.

99. Deny the allegations set forth in paragraph "99" of the Amended Complaint.

100. Deny the allegations set forth in paragraph "100" of the Amended Complaint.

101. In response to the allegations set forth in paragraph "101" of the Amended Complaint, Answering Defendants repeat and reallege each of their responses to paragraphs "1" through "100" of the Amended Complaint as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the Amended Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Amended Complaint, and respectfully refer the Court to the statute and regulation cited therein for a complete and accurate statement of their provisions.

104. Paragraph "104" of the Amended Complaint contains conclusions of law, not allegations of fact and, as such, does not require a response. To the extent a response is required, Answering Defendants deny the allegations and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

105. Deny the allegations set forth in paragraph "105" of the Amended Complaint.

106. Deny the allegations set forth in paragraph "106" of the Amended Complaint, except admit that Dr. Vessell was aware that decedent was prescribed anticonvulsant medication.

107. Deny the allegations set forth in paragraph "107" of the Amended Complaint, except admit that decedent was placed in a restricted housing unit.

108. Deny the allegations set forth in paragraph "108" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether decedent suffered a seizure while in her cell.

109. Deny the allegations set forth in paragraph "109" of the Amended Complaint.

110. Deny the allegations set forth in paragraph "110" of the Amended Complaint.

111. In response to the allegations set forth in paragraph "111" of the Amended Complaint, Answering Defendants repeat and reallege each of their responses to paragraphs "1" through "110" of the Amended Complaint as if fully set forth herein.

112. Deny the allegations set forth in paragraph "112" of the Amended Complaint.

113. Deny the allegations set forth in paragraph "113" of the Amended Complaint.

114. Deny the allegations set forth in paragraph "114" of the Amended Complaint.

115. Deny the allegations set forth in paragraph "115" of the Amended Complaint.

116. In response to the allegations set forth in paragraph "116" of the Amended Complaint, Answering Defendants repeat and reallege each of their responses to paragraphs "1" through "115" of the Amended Complaint as if fully set forth herein.

117. Deny the allegations set forth in paragraph "117" of the Amended Complaint.

118. Deny the allegations set forth in paragraph "118" of the Amended Complaint.

119. In response to the allegations set forth in paragraph "119" of the Amended Complaint, Answering Defendants repeat and reallege each of their responses to paragraphs "1" through "118" of the Amended Complaint as if fully set forth herein.

120. Paragraph "120" of the Amended Complaint contains conclusions of law, not allegations of fact and, as such, does not require a response.

121. Deny the allegations set forth in paragraph "121" of the Amended Complaint.

122. Deny the allegations set forth in paragraph "122" of the Amended Complaint.

123. Deny the allegations set forth in paragraph "123" of the Amended Complaint.

**FOR A FIRST DEFENSE:**

124. The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

125. Answering Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

**FOR A THIRD DEFENSE:**

126. At all times relevant to the acts alleged in the Amended Complaint, Answering Defendants acted reasonably, properly, lawfully and in good faith.

**FOR A FOURTH DEFENSE:**

127. Any injury alleged to have been sustained resulted from Plaintiff or decedent's own culpable or negligent conduct, or the intervening culpable or negligent conduct of individuals who are not parties to this lawsuit, and was not the proximate result of any act of Answering Defendants.

**FOR A FIFTH DEFENSE:**

128. Plaintiff's state law claims are barred by Plaintiff's failure to comply with mandatory conditions precedent to suit.

**FOR A SIXTH DEFENSE:**

129. Punitive damages are not available as against the City of New York or Dr. Vessell to the extent she is sued in her official capacity.

**FOR A SEVENTH DEFENSE:**

130. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal Defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendants have governmental immunity from liability.

**FOR AN EIGHTH DEFENSE:**

131. Dr. Vessell has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** Answering Defendants request judgment dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 13, 2019

                    JAMES E. JOHNSON
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants City of New York and Dr. Colleen Vessell
                    100 Church Street, Room 2-167
                    New York, New York 10007
                    (212) 356-0886
                    pfrank@law.nyc.gov

By:             /s/
       Philip S. Frank
       Assistant Corporation Counsel