UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARACELIS POLANCO, as Administrator of the ESTATE OF
LAYLEEN CUBILETTE-POLANCO,

                Plaintiff,

                          19- CV-4623 (DLI) (SJB)
        -against-
                          **ANSWER TO AMENDED COMPLAINT**

THE CITY OF NEW YORK, COLLEEN VESSELL, TYKISHA WILLIAMS,
TALAYA GALES, BIANCA GARCIA, SHEVONNE DAVIS and
JANE DOE,
                Defendants.
------------------------------------------------------------------------X

      The defendant, CORRECTION OFFICER TYKISHA WILLIAMS, by her attorneys, WILLIAM P. NOLAN, ESQ. answering the Amended Complaint of the plaintiff herein:

## ANSWERING EACH AND EVERY CAUSE
## OF ACTION OF THE COMPLAINT

      1.      Denies each and every allegation contained in paragraph "1" of the Amended Complaint.

      2.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint.

      3.      Denies each and every allegation contained in paragraph "3" of the Amended Complaint.

4.    Denies each and every allegation contained in paragraph "4" of the Amended Complaint.

5.    Denies each and every allegation contained in paragraph "5" of the Amended Complaint.

6.    Denies each and every allegation contained in paragraph "6" of the Amended Complaint.

7.    Denies each and every allegation contained in paragraph "7" of the Amended Complaint.

8.    Denies each and every allegation contained in paragraph "8" of the Amended Complaint.

9.    Denies each and every allegation contained in paragraph "9" of the Amended Complaint.

10.    Denies each and every allegation contained in paragraph "10" of the Amended Complaint.

11.    Denies each and every allegation contained in paragraph "11" of the Amended Complaint.

12.    Denies each and every allegation contained in paragraph "12" of the Amended Complaint.

13. Denies each and every allegation contained in paragraph "13" of the Amended Complaint.

14. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint and refers all questions of law to the trial court.

15. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint and refers all questions of law to the trial court.

16. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint and refers all questions of law to the trial court.

17. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint and refers all questions of law to the trial court.

18. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended except to admit that decedent died while incarcerated at the Rose M. Singer Center on Rikers Island.

19. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint.

20. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Amended Complaint.

21. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Amended Complaint.

22. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint except to admit CORRECTION OFFICER TYKISHA WILLIAMS was employed by the New York City Department of Correction on June 7, 2019 and was acting under the color of state law.

23. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint.

24.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint.

26.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

27.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint.

28.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Amended Complaint.

29.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint.

30.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint.

31.     Denies each and every allegation contained in paragraph "31" of the Amended Complaint.

32.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Amended Complaint.

33.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Amended Complaint.

34.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Amended Complaint.

35.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Amended Complaint.

36. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Amended Complaint and refers all questions of law to the trial court.

37. Denies each and every allegation contained in paragraph "37" of the Amended Complaint.

38. Denies each and every allegation contained in paragraph "38" of the Amended Complaint.

39. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Amended Complaint.

40. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint.

41. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Amended Complaint.

42. Denies each and every allegation contained in paragraph "42" of the Amended Complaint.

43.     Denies each and every allegation contained in paragraph "43" of the Amended Complaint.

44.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Amended Complaint.

45.     Denies each and every allegation contained in paragraph "45" of the Amended Complaint.

46.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Amended Complaint and refers all questions of law to the trial court.

47.     Denies each and every allegation contained in paragraph "47" of the Amended Complaint.

48.     Denies each and every allegation contained in paragraph "48" of the Amended Complaint.

49.     Denies each and every allegation contained in paragraph "49" of the Amended Complaint.

50.     Denies each and every allegation contained in paragraph "50" of the Amended Complaint.

51.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint and refers all questions of law to the trial court.

52.     Denies each and every allegation contained in paragraph "52" of the Amended Complaint.

53.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Amended Complaint.

54.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Amended Complaint, except to admit Williams began banging on the decedents cell.

55.     Denies each and every allegation contained in paragraph "55" of the Amended Complaint.

56.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Amended Complaint except to admit Captain Kimberly McZick arrived and entered decedent's cell.

57.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Amended Complaint.

58.     Denies each and every allegation contained in paragraph "58" of the Amended Complaint.

59.     Denies each and every allegation contained in paragraph "59" of the Amended Complaint.

60.     Denies each and every allegation contained in paragraph "60" of the Amended Complaint.

61.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Amended Complaint.

62.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Amended Complaint.

63.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Amended Complaint.

64.     Denies each and every allegation contained in paragraph "64" of the Amended Complaint.

65.     Denies each and every allegation contained in paragraph "65" of the Amended Complaint.

66.     Denies each and every allegation contained in paragraph "66" of the Amended Complaint.

67.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Amended Complaint.

68.     Denies each and every allegation contained in paragraph "68" of the Amended Complaint.

69.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Amended Complaint.

70.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Amended Complaint.

71.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Amended Complaint.

72.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Amended Complaint.

73.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Amended Complaint.

74.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Amended Complaint.

75.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Amended Complaint.

76.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Amended Complaint.

77.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Amended Complaint.

78.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Amended Complaint.

79.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Amended Complaint.

80.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Amended Complaint.

81.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Amended Complaint.

82.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Amended Complaint.

83.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Amended Complaint.

84.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Amended Complaint.

85.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Amended Complaint.

86.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Amended Complaint.

87.     Denies each and every allegation contained in paragraph "87" of the Amended Complaint.

88.     Denies each and every allegation contained in paragraph "88" of the Amended Complaint.

89.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "88" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

90.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Amended Complaint except to admit Correction Officer Tykisha Williams was employed by New York City.

91.     Denies each and every allegation contained in paragraph "91" of the Amended Complaint.

92.     Denies each and every allegation contained in paragraph "92" of the Amended Complaint.

93.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "92" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

94.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Amended Complaint.

95.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Amended Complaint.

96.     Denies each and every allegation contained in paragraph "96" of the Amended Complaint.

97.     Denies each and every allegation contained in paragraph "97" of the Amended Complaint.

98.     Denies each and every allegation contained in paragraph "98" of the Amended Complaint.

99.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Amended Complaint.

100.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Amended Complaint.

101.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "100" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

102.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Amended Complaint and refers all questions of law to the trial court.

103.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Amended Complaint and refers all questions of law to the trial court.

104.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Amended Complaint and refers all questions of law to the trial court.

105.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "105" of the Amended Complaint and refers all questions of law to the trial court.

106.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "106" of the Amended Complaint and refers all questions of law to the trial court.

107.     Denies each and every allegation contained in paragraph "107" of the Amended Complaint.

108.     Denies each and every allegation contained in paragraph "108" of the Amended Complaint.

109.     Denies each and every allegation contained in paragraph "109" of the Amended Complaint.

110.     Denies each and every allegation contained in paragraph "110" of the Amended Complaint.

111.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in

paragraph numbered "1" through "110" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

112.     Denies each and every allegation contained in paragraph "112" of the Amended Complaint.

113.     Denies each and every allegation contained in paragraph "113" of the Amended Complaint.

114.     Denies each and every allegation contained in paragraph "114" of the Amended Complaint.

115.     Denies each and every allegation contained in paragraph "115" of the Amended Complaint.

116.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "115" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

117.     Denies each and every allegation contained in paragraph "117" of the Amended Complaint.

118.     Denies each and every allegation contained in paragraph "118" of the Amended Complaint.

119.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "118" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

120.    Paragraph "120" of the Amended Complaint contains conclusions of law, not allegations of fact and, as such, does not require a response.

121.    Denies each and every allegation contained in paragraph "121" of the Amended Complaint.

122.    Denies each and every allegation contained in paragraph "122" of the Amended Complaint.

123.    Denies each and every allegation contained in paragraph "123" of the Amended Complaint.

**FOR A FIRST, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

124.    That the plaintiff's Amended Complaint fails to state sufficient facts to constitute a cause of action against this defendant.

**FOR A SECOND, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

125.    Defendant did not violate any rights, privileges, or immunities under the Constitution or the laws of the United States, the State of New York, or any political subdivision thereof.

**FOR A THIRD, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

126.    That this action was not commenced within the applicable time limits, therefore, the Statute of Limitations constitutes a complete defense to the plaintiff's action.

**FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

127.    That any injuries or damages sustained by the plaintiff or decedent were occasioned through the negligence and culpable conduct on the part of the plaintiff.

**FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

128.    That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

**FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

129.     Upon information and belief, any part of future costs and/or expenses incurred or to be incurred by plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

**FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

130.     That the answering defendant, if found to be at all liable, is entitled to a limitation of that liability pursuant to Article 16 of the CPLR.

**FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

131.     Defendant is entitled to immunity as said Defendant did reasonably, properly and lawfully exercise discretion as a public employee herein.

**FOR A NINTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

132.     At the time and place mentioned in the Complaint, the answering defendant violated no legal duty.

**FOR A TENTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS <u>COURT, UPON INFORMATION AND BELIEF:</u>**

133.     Plaintiff's request for punitive damages should be denied because defendant did not undertake any conduct that was in any way wanton, reckless or outrageous.

**FOR AN ELEVENTH, SEPARATE AND COMPLETE
DEFENSE THE DEFENDANT RESPECTFULLY SHOWS
THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

134.     At all times relevant to the acts alleged in the Amended Complaint, Answering Defendant acted reasonably, properly, lawfully and in good faith.

**FOR A TWELVETH, SEPARATE AND COMPLETE
DEFENSE THE DEFENDANT RESPECTFULLY SHOWS
THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

135.     Plaintiff failed to satisfy mandatory conditions precedent to the instant action including but without limitation, those established under Sections 50-e, 50-h and 50-I of the New York General Municipal Law.

Defendant reserves the right to amend and/or supplement these affirmative defenses during the course of this litigation.

**WHEREFORE**, the defendant, demands judgment against the plaintiff dismissing the Amended Complaint herein, together with costs and disbursements of this action.

Dated:  Garden City, New York
July 20, 2020

WILLIAM P. NOLAN, ESQ.

By_____

WILLIAM P. NOLAN
Attorneys for Defendant
CORRECTION OFFICER TYKISHA WILLIAMS
1103 Stewart Avenue, Suite 200
Garden City, New York 11530
(516)280-6633

TO:     David B. Shanies Law Office
        411 Lafayette Street, Sixth Floor
        New York, New York 10003

        Corporation Counsel of the City of New York
        100 Church Street, 2nd Floor
        New York, New York 10007

        Donald J. Yanella, ESQ.
        233 Broadway, Suite 2370
           New York, New York 10279