UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ARACELIS POLANCO, as
Administrator of the ESTATE OF
LAYLEEN CUBILETTE-POLANCO,

                Plaintiff,

- against -

CITY OF NEW YORK, COLLEEN VESSELL,
TYKISHA WILLIAMS, TALAYA GALES,
BIANCA GARCIA, SHEVONNE DAVIS, and
JANE DOE,

                Defendants.

-----------------------------------X

ANSWER TO THE AMENDED COMPLAINT
ON BEHALF OF DEFENDANT SHEVONNE
DAVIS

19CV4623(DLI)(SJR)

Jury Trial Demanded

Defendant SHEVONNE DAVIS, by her attorneys Frankie and Gentile, P.C., for her answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph "1" of the Amended Complaint except admits that plaintiff deceased on or about June 7, 2019 at Rose M. Singer Center, Rikers Island.

2. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph "2" of the Amended Complaint

    3. Denies the allegations set forth in paragraph "3" of the Amended Complaint.

    4. Denies the allegations set forth in paragraph "4" of the Amended Complaint.

    5. Denies the allegations set forth in paragraph "5" of the Amended Complaint.

    6. Denies the allegations set forth in paragraph "6" of the Amended Complaint.

1

7. Denies the allegations set forth in paragraph "7" of the Amended Complaint.

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint, and refers the Court to any communications referenced therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph "9" of the Amended Complaint.

10. Denies the allegations set forth in paragraph "10" of the Amended Complaint.

11. Denies the allegations set forth in paragraph "11" of the Amended Complaint, and refers the Court to any complete comments by the referenced Medical Director for an accurate account of the contents.

12. Denies the allegations set forth in paragraph "12" of the Amended Complaint, and refers the Court to the referenced books or documents for an accurate account of their contents.

13. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph "13" of the Amended Complaint.

14. Denies the allegations set forth in paragraph "14" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

15. Denies the allegations set forth in paragraph "15" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

16. Denies the allegations set forth in paragraph "16" of the Amended Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that Plaintiff purports to base venue as stated therein.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint, except admits that Layleen Polanco deceased while incarcerated at Rose M. Singer Center on Rikers Island.

19. Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "19" of the Amended Complaint

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint, and refers all questions of law to the Court.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint, and respectfully refers all questions of law to the trial court.

22. Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "22" of the Amended Complaint and refers all questions of law to the trial court.

23. Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "23" of the Amended Complaint and refers all questions of law to the trial court.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint, and refers all questions of law to the trial court.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint, except admits that she resides in Kings County, New York, is employed by DOC and refers all questions of law to the trial court.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint as they pertain to an unidentified defendant, and refers all questions of law to the trial court.

27. Denies the allegations set forth in paragraph "27" of the Amended Complaint, except admits that plaintiff purports to make reference as stated therein.

28. Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "28" of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "30" of the Amended Complaint.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint, and respectfully refers the Court to DOC regulations concerning this issue.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint, and states that said assertion alleges a medical opinion.

38. Denies the allegations set forth in paragraph "38" of the Amended Complaint, and states that said assertion alleges a medical opinion.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint, and refers the Court to regulations concerning restricted housing units for an accurate statement of its contents.

43. Denies the allegations set forth in paragraph "43" of the Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended Complaint.

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint, and refers the Court to the applicable CPSU policy for an accurate statement of its content.

47. Denies the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the Amended Complaint.

49. Denies the allegations set forth in paragraph "49" of the Amended Complaint.

50. Denies the allegations set forth in paragraph "50" of the Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52. Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Amended Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Amended Complaint.

57. Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint.

59. Denies the allegations set forth in paragraph "59" of the Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Amended Complaint.

63. Denies the allegations set forth in paragraph "63" of the Amended Complaint, and respectfully refers the Court to an appropriate medical opinion concerning the assertions herein.

64. Denies the allegations set forth in paragraph "64" of the Amended Complaint, and respectfully refers the Court to appropriate medical opinion concerning the assertions herein.

65. Denies the allegations set forth in paragraph "65" of the Amended Complaint, and respectfully refers the Court to appropriate medical opinion concerning the assertions herein.

66. Denies the allegations set forth in paragraph "66" of the Amended Complaint.

67. Denies the allegations set forth in paragraph "67" of the Amended Complaint, and respectfully refers the Court to Medical Director Venters' finding for an accurate account of its contents.

68. Denies the allegations set forth in paragraph "68" of the Amended Complaint.

69. Denies the allegations set forth in paragraph "69" of the Amended Complaint, and respectfully refers the Court to Dr. Venters' comments in this matter for an accurate account of their contents.

70. Denies the allegations set forth in paragraph "70" of the Amended Complaint, and respectfully refers the Court to Dr. Venters' "report" for an accurate account of its contents.

71. Denies the allegations set forth in paragraph "71" of the Amended Complaint, and respectfully refers the Court to Dr. Venters' referenced opinion for an accurate account of its content.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Amended Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Amended Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Amended Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Amended Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Amended Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Amended Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Amended Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Amended Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Amended Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Amended Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Amended Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Amended Complaint.

84. Denies the allegations set forth in paragraph "84" of the Amended Complaint, and respectfully refers the Court to the referenced testimony for an accurate account of its content.

85. Denies the allegations set forth in paragraph "85" of the Amended Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Amended Complaint.

87. Denies the allegations set forth in paragraph "87" of the Amended Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Amended Complaint.

89. In response to the allegations set forth in paragraph "89" of the Amended Complaint, defendant Davis repeats and realleges the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Amended Complaint, except admits that during the period alleged she was employed by the New York City Department of Correction and held the rank of Captain.

91. Denies the allegations set forth in paragraph "91" of the Amended Complaint.

92. Denies the allegations set forth in paragraph "92" of the Amended Complaint.

93. In response to the allegations set forth in paragraph "93" of the Amended Complaint, defendant Davis repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Amended Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Amended Complaint.

96. Denies the allegations set forth in paragraph "96" of the Amended Complaint.

97. Denies the allegations set forth in paragraph "97" of the Amended Complaint.

98. Denies the allegations set forth in paragraph "98" of the Amended Complaint.

99. Denies the allegations set forth in paragraph "99" of the Amended Complaint.

100. Denies the allegations set forth in paragraph "100" of the Amended Complaint.

101. In response to the allegations set forth in paragraph "101" of the Amended Complaint, defendant Davis repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

102. Denies the allegations set forth in paragraph "102" of the Amended Complaint, and respectfully refers the Court to the cited statute and its legislative history for an accurate account of its contents.

103. Denies the allegations set forth in paragraph "103" of the Amended Complaint, and respectfully refers the Court to the cited statutes for an accurate account of their content.

104. Denies the allegations set forth in paragraph "104" of the Amended Complaint, and respectfully refers the Court to the cited statute for an accurate statement of its content.

105. Denies the allegations set forth in paragraph "105" of the Amended Complaint, and respectfully refers the Court to any appropriate statutes for an accurate account of their contents, and further respectfully refers all questions of law to the trial court.

106. Denies the allegations set forth in paragraph "106" of the Amended Complaint.

107. Denies the allegations set forth in paragraph "107" of the Amended Complaint.

108. Denies the allegations set forth in paragraph "108" of the Amended Complaint.

109. Denies the allegations set forth in paragraph "109" of the Amended Complaint.

110. Denies the allegations set forth in paragraph "110" of the Amended Complaint.

111. In response to the allegations set forth in paragraph "111" of the Amended Complaint, defendant Davis repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Amended Complaint, and refers all questions of law to the trial court.

113. Denies the allegations set forth in paragraph "113" of the Amended Complaint, and refers all questions of law, including those concerning training, to the trial court.

114. Denies the allegations set forth in paragraph "114" of the Amended Complaint, and refers all questions of law to the trial court.

115. Denies the allegations set forth in paragraph "115" of the Amended Complaint.

116. In response to the allegations set forth in paragraph "116" of the Amended Complaint, defendant Davis repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

117. Denies the allegations set forth in paragraph "117" of the Amended Complaint.

118. Denies the allegations set forth in paragraph "118" of the Amended Complaint.

119. In response to the allegations set forth in paragraph "119" of the Amended Complaint, defendant Davis repeats and realleges the responses set forth in the preceding paragraphs as if fully set forth herein.

120. Denies the allegations set forth in paragraph "120" of the Amended Complaint, and respectfully refers all questions of law to the trial court.

121. Denies the allegations set forth in paragraph "121" of the Amended Complaint.

122. Denies the allegations set forth in paragraph "122" of the Amended Complaint.

123. Denies the allegations set forth in paragraph "123" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

124. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

125. Any injury alleged to have been sustained resulted from decedent's own culpable or negligent conduct, and was not the proximate result of any act of Defendant Davis.

## THIRD AFFIRMATIVE DEFENSE

126. Defendant acted reasonably and in the proper and lawful exercise of her discretion, and is entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

127. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York, or any political subdivision thereof.

## FIFTH AFFIRMATIVE DEFENSE

128. Plaintiff has failed to comply with New York General Municipal Law §§50(e), *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

129. Punitive damages are not appropriate under the circumstances of this case.

## SEVENTH AFFIRMATIVE DEFENSE

130. Plaintiff may lack standing to bring this action.

## FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

131. At all times relevant in this action, all of the actions of the defendant were performed as part of her duties, and within the scope of her employment and the rules and regulations as a Correction Captain for the New York City Department of Correction.

132. Any damages sustained by the plaintiff at the time or place mentioned in the Complaint are embraced within the indemnification clause of Section 50-k of the New York State General Municipal Law.

Section 50-k (3) of the New York state General Municipal Law states:

> The city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.

133. Pursuant to 50-k(3), if it is shown that the defendant is in any way liable to the plaintiff based upon the allegations in the Complaint, the defendant is entitled to recover from the City of New York the full amount of any judgment which might be rendered against the defendant.

## SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

134. Defendant repeats, reiterates and re-alleges the allegations set forth in paragraphs "131" through "133" with the same force and effect as if fully set forth herein.

135. Defendant has denied the material allegations asserted against her in the underlying action and has asserted affirmative defenses.

136. If the plaintiff sustained injuries and damages alleged in the Complaint, such injuries and damages were sustained by reason of negligence by the Defendant City of New York, its agents, servants and/or employees.

137. Therefore, if the injuries and damages alleged in the Complaint were caused as a result of negligence or wrongdoing other than by the plaintiff's own culpable conduct, then

such damage is a result of the knowing, reckless and/or grossly negligent acts and omissions of the Defendant City of New York and its supervisory officials, and not Defendant Davis.

138. Consequently, if it is shown that the defendant is in any way liable to the plaintiff based upon the allegations in the Complaint, defendant is entitled to recover from the City of New York the full amount of any judgment that might be rendered against the defendant.

WHEREFORE, defendant Correction Captain SHEVONNE DAVIS respectfully demands:

a) Judgment dismissing the complaint in its entirety;

b) Judgment on each of her cross-claims against the defendant City of New York for the amount of any judgment that may be obtained herein by the plaintiff against the defendant, or in an amount equal to the excess over and above her equitable share of any such judgment, and;

c) Judgment granting the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: Mineola, New York
July 21, 2020

Respectfully submitted,

*James D. Frankie*

FRANKIE & GENTILE, P.C.
*Attorneys for Defendant Davis*
1527 Franklin Avenue, Suite 104
Mineola, New York 11501
(516) 742-6590
frankieandgentile@gmail.com

TO: <u>VIA ECF</u>

Philip S. Frank, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

David B. Shanies, Esq.
David B. Shanies Law Office
411 Lafayette Street, Sixth Floor
New York, New York 10003

CERTIFICATE OF SERVICE

I certify that on July 21, 2020, I electronically filed the within ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT SHEVONNE DAVIS with the Clerk of the Court using the CM/ECF system and have served the same, via ECF.

Dated: Mineola, New York
July 21, 2020

_____
James G. Frankie