UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| ARACELIS POLANCO, as<br>Administrator of the ESTATE OF<br>LAYLEEN BUILETTE-POLANCO | **ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIMS AGAINST DEFENDANT CITY OF NEW YORK** |
| Plaintiff,<br>-against- | |
| CITY OF NEW YORK, COLLEEN VESSELL,<br>TYKISHA WILLIAMS, TALAYA GALES,<br>BIANCA GARCIA, SHEVONNE DAVIS and<br>JANE DOE. | 19 cv 4623 (DLI)(SJR)<br><br>Jury Trial Demanded |
| Defendants. | |

-------------------------------------------------------------------x

Defendant TALAYA GALES (hereafter "Defendant" and/or "Defendant Gales"), by her attorney, Donald Yannella, Esq, answering the allegations of the Amended Complaint, respectfully alleges as follows:

1. Deny the allegations set forth in paragraph 1 of the amended complaint, except to admit that decedent Layleen Cubilette-Polanco ("decedent") died on June 7, 2019 at the Rose M. Singer Center ("RMSC") on Rikers Island and that, upon information and belief, decedent was 27 years old.

2. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the amended complaint.

3. Deny the allegations set forth in paragraph 3 of the amended complaint.

4. Deny the allegations set forth in paragraph 4 of the amended complaint.

5. Deny the allegations set forth in paragraph 5 of the amended complaint.

6. Deny the allegations set forth in paragraph 6 of the amended complaint.

7. Deny the allegations set forth in paragraph 7 of the amended complaint.

1

8. Deny the allegations set forth in paragraph 8 of the amended complaint, and refer the Court to any communications referenced therein.

9. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the amended complaint, except admit that decedent was a pretrial detainee and that, upon information and belief, her bail was set at $500, which she did not meet.

10. Deny the allegations set forth in paragraph 10 of the amended complaint.

11. Deny the allegations set forth in paragraph 11 of the amended complaint and refer the Court to any complete comments by the referenced Medical Director for an accurate account of the contents.

12. Deny the allegations set forth in paragraph 12 of the amended complaint and refer the Court to the referenced books or documents for an accurate account of their contents.

13. Deny the allegations set forth in paragraph 13 of the amended complaint.

14. Deny the allegations set forth in paragraph 14 of the amended complaint, except admit that Plaintiff purports to proceed as stated therein.

15. Deny the allegations set forth in paragraph 15 of the amended complaint, except admit that Plaintiff purports to proceed as stated therein.

16. Deny the allegations set forth in paragraph 16 of the amended complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

17. Deny the allegations set forth in paragraph 17 of the amended complaint, except admit that Plaintiff purports to base venue as stated therein.

18. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the amended complaint, except admit that decedent was a pretrial detainee at RMSC on Rikers Island.

19. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the amended complaint.

20. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the amended complaint, and refer all questions of law to the Court.

21. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the amended complaint, and refer all questions of law to the Court.

22. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the amended complaint, and refer all questions of law to the Court.

23. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the amended complaint, and refer all questions of law to the Court, except admit Gales was a resident of the Bronx and employed by the DOC and acting under color of law.

24. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the amended complaint, and refer all questions of law to the Court.

25. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the amended complaint, and refer all questions of law to the Court.

26. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the amended complaint, and refer all questions of law to the Court.

27. Deny the allegations set forth in paragraph 27 of the amended complaint, except admit that plaintiff purports to make the references as stated therein.

28. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the amended complaint.

29. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the amended complaint.

30. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the amended complaint.

31. Deny the allegations set forth in paragraph 31 of the amended complaint.

32. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the amended complaint.

33. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the amended complaint.

34. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the amended complaint.

35. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the amended complaint.

36. Deny the allegations set forth in paragraph 36 of the amended complaint, and respectfully refer the Court to DOC regulations concerning this issue.

37. Deny the allegations set forth in paragraph 37 of the amended complaint, and states that said assertion alleges a medical opinion.

38. Deny the allegations set forth in paragraph 38 of the amended complaint, and states that said assertion alleges a medical opinion.

39. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the amended complaint.

40. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the amended complaint.

41. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the amended complaint.

42. Deny the allegations set forth in paragraph 42 of the amended complaint, and refer the Court to regulations concerning restricted housing units for an accurate statement of its contents.

43. Deny the allegations set forth in paragraph 43 of the amended complaint.

44. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the amended complaint.

45. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the amended complaint.

46. Deny the allegations set forth in paragraph 46 of the amended complaint, and refer the Court to the applicable CPSU policy for an accurate statement of its content.

47. Deny the allegations set forth in paragraph 47 of the amended complaint.

48. Deny the allegations set forth in paragraph 48 of the amended complaint.

49. Deny the allegations set forth in paragraph 49 of the amended complaint.

50. Deny the allegations set forth in paragraph 50 of the amended complaint.

51. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the amended complaint.

52. Deny the allegations set forth in paragraph 52 of the amended complaint.

53. Deny the allegations set forth in paragraph 53 of the amended complaint.

54. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the amended complaint.

55. Deny the allegations set forth in paragraph 55 of the amended complaint.

56. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the amended complaint.

57. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the amended complaint.

58. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the amended complaint.

59. Deny the allegations set forth in paragraph 59 of the amended complaint.

60. Deny the allegations set forth in paragraph 60 of the amended complaint.

61. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the amended complaint.

62. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the amended complaint.

63. Deny the allegations set forth in paragraph 63 of the amended complaint, and refer the Court to an appropriate medical opinion concerning the assertions herein.

64. Deny the allegations set forth in paragraph 64 of the amended complaint, and refer the Court to an appropriate medical opinion concerning the assertions herein.

65. Deny the allegations set forth in paragraph 65 of the amended complaint, and refer the Court to an appropriate medical opinion concerning the assertions herein.

66. Deny the allegations set forth in paragraph 66 of the amended complaint.

67. Deny the allegations set forth in paragraph 67 of the amended complaint, and refer the Court to Medical Director Venters' finding for an accurate account of its contents.

68. Deny the allegations set forth in paragraph 68 of the amended complaint.

69. Deny the allegations set forth in paragraph 69 of the amended complaint, and refer the Court to Medical Director Venters' finding for an accurate account of its contents.

70. Deny the allegations set forth in paragraph 70 of the amended complaint, and refer the Court to Medical Director Venters' finding for an accurate account of its contents.

71. Deny the allegations set forth in paragraph 71 of the amended complaint, and refer the Court to Medical Director Venters' finding for an accurate account of its contents.

72. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the amended complaint.

73. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the amended complaint.

74. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the amended complaint.

75. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the amended complaint.

76. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the amended complaint.

77. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the amended complaint.

78. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the amended complaint.

79. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the amended complaint.

80. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the amended complaint.

81. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the amended complaint.

82. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the amended complaint.

83. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the amended complaint.

84. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the amended complaint, and respectfully refer the Court to the referenced testimony for an accurate account of its content.

85. Deny the allegations set forth in paragraph 85 of the amended complaint.

86. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the amended complaint.

87. Deny the allegations set forth in paragraph 87 of the amended complaint.

88. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the amended complaint.

89. In response to the allegations set forth in paragraph 89 of the amended complaint, defendant does repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

90. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the amended complaint.

91. Deny the allegations set forth in paragraph 91 of the amended complaint.

92. Deny the allegations set forth in paragraph 92 of the amended complaint.

93. In response to the allegations set forth in paragraph 93 of the amended complaint, defendant does repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

94. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the amended complaint.

95. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the amended complaint.

96. Deny the allegations set forth in paragraph 96 of the amended complaint.

97. Deny the allegations set forth in paragraph 97 of the amended complaint.

98. Deny the allegations set forth in paragraph 98 of the amended complaint.

99. Deny the allegations set forth in paragraph 99 of the amended complaint.

100. Deny the allegations set forth in paragraph 100 of the amended complaint.

101. In response to the allegations set forth in paragraph 101 of the amended complaint, defendant does repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

102. Deny the allegations set forth in paragraph 102 of the amended complaint, and respectfully refer the Court to the cited statute and its legislative history for an accurate account of its contents.

103. Deny the allegations set forth in paragraph 103 of the amended complaint, and respectfully refer the Court to the cited statute for an accurate account of its contents.

104. Deny the allegations set forth in paragraph 104 of the amended complaint, and respectfully refer the Court to the cited statute and its legislative history for an accurate account of its contents.

105. Deny the allegations set forth in paragraph 105 of the amended complaint, and respectfully refer the Court to the cited statute and its legislative history for an accurate account of its contents, and refer all questions of law to the Court.

106. Deny the allegations set forth in paragraph 106 of the amended complaint.

107. Deny the allegations set forth in paragraph 107 of the amended complaint.

108. Deny the allegations set forth in paragraph 108 of the amended complaint.

109. Deny the allegations set forth in paragraph 109 of the amended complaint.

110. Deny the allegations set forth in paragraph 110 of the amended complaint.

111. In response to the allegations set forth in paragraph 111 of the amended complaint, defendant does repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

112. Deny the allegations set forth in paragraph 112 of the amended complaint, and refer all questions of law to the Court.

113. Deny the allegations set forth in paragraph 113 of the amended complaint.

114. Deny the allegations set forth in paragraph 114 of the amended complaint.

115. Deny the allegations set forth in paragraph 115 of the amended complaint.

116. In response to the allegations set forth in paragraph 116 of the amended complaint, defendant does repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

117. Deny the allegations set forth in paragraph 117 of the amended complaint.

118. Deny the allegations set forth in paragraph 118 of the amended complaint.

119. In response to the allegations set forth in paragraph 119 of the amended complaint, defendant does repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

120. Deny the allegations set forth in paragraph 120 of the amended complaint, and refer all questions of law to the Court.

121. Deny the allegations set forth in paragraph 121 of the amended complaint.

122. Deny the allegations set forth in paragraph 122 of the amended complaint.

123. Deny the allegations set forth in paragraph 123 of the amended complaint.

## FIRST AFFIRMATIVE DEFENSE

124. The amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

125. Any injury alleged to have been sustained resulted from decedent's own culpable or negligent conduct, and was not the proximate result of any act of defendant Gales.

## THIRD AFFIRMATIVE DEFENSE

126. Defendant acted reasonably and in the proper and lawful exercise of her discretion, and is entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

127. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or State of New York or any political subdivision thereof.

## FIFTH AFFIRMATIVE DEFENSE

128. Plaintiff has failed to comply with New York General Municipal Law section 50(3) *et. seq*.

## SIXTH AFFIRMATIVE DEFENSE

129. Punitive damages are not appropriate under the circumstances of this case.

## SEVENTH AFFIRMATIVE DEFENSE

130. Plaintiff may lack standing to bring this action.

## FIRST CROSS-CLAIM AGAINST THE CITY OF NEW YORK

131. At all times relevant in this action, all of the actions of the defendant were performed as part of her duties, and within the scope of her employment and the rules and regulations for an officer in the New York City Department of Correction.

132. Any damages sustained by plaintiff mentioned in the complaint are embraced withing the indemnification clause of Section 50-k of the New York State General Municipal Law.

133. Pursuant to 50-k(3), if it is shown that defendant is any way liable to the plaintiff based on the allegations in the complaint, the defendant is entitled to recover from the City of New York the full amount of any judgment which might be rendered against the defendant.

## SECOND CROSS-CLAIM AGAINST THE CITY OF NEW YORK

134. Defendant repeats, reiterates, and realleges the allegations set forth in paragraphs 131 through 133 with the same force and effect as if fully set forth herein.

135. Defendant has denied the material allegations in the underlying action and has asserted affirmative defenses.

136. If the plaintiff sustained injuries and damages as alleged in the complaint, such injuries and damages were sustained by reason of negligence by the defendant City of New York, its agents, servants and/or employees.

137. Therefore, if the injuries and damages alleged in the complaint were caused as a result of negligence or wrongdoing other than by the plaintiff's own culpable conduct, then such damage is the result of the knowing, reckless and/or grossly negligent acts and omissions of the defendant City of New York and its supervisory officials, not defendant Gales.

138. Consequently, if it is shown that the defendant is liable to the plaintiff based on the allegations in the complaint, defendant is entitled to recover from the City of New York the full amount of any judgment that might be rendered against the defendant.

WHEREFORE, Correction Officer Gales respectfully demands:

a) Judgment dismissing the complaint in its entirety;

b) Judgment on each of her cross-claims against the City of New York for the amount of any judgment that may be obtained by the plaintiff against the defendant, or in an amount equal to the excess over and above her equitable share of any such judgment, and;

c) Judgment granting the costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

New York, New York
    July 23, 2020

Respectfully Submitted,

/s/
_____
Donald Yannella, Esq. (DY-5578)
Donald Yannella, P.C.
*Attorney for Defendant*
  *TALAYA GALES*
233 Broadway, Suite 2370
New York, NY 10279
(212) 226-2883
*nynjcrimlawyer@gmail.com*

TO: Chlarens Orsland, Esq.
     New York City Law Department
     *Attorney for Defendant City Of New York*
     100 Church Street
     New York, NY 10007

David B. Shanies, Esq.
*Attorney for Plaintiff*
411 Lafayette Street, Sixth Floor
New York, NY  10003

# **CERTIFICATION**

Donald Yannella, Esq., an attorney duly licensed to practice before the Federal and State Courts of the State of New York, upon the penalties of perjury, hereby certifies as follows:

1. I am the attorney for Defendant Talaya Gales in the above-captioned matter.

2. I have read the foregoing *Answer, Affirmative Defenses and Cross-Claims* and know the contents thereof. The same is true to my own knowledge except as to those matters stated to be alleged upon information and belief and as to those matters, I believe them to be true.

3. The source of my knowledge and my information and belief is derived from my review of documents and information provided to me on behalf of the Defendant by her prior counsel.

4. The reason that I am signing this Certification in place of my client is that he does not reside in New York County, where I maintain my offices.

Dated: New York, New York
July 23, 2020

/s/ *Donald Yannella*
_____
Donald J. Yannella, Esq.