UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ARACELIS POLANCO, as Administrator of the ESTATE OF
LAYLEEN CUBILETTE-POLANCO,

                    Plaintiff,

                -against-

THE CITY OF NEW YORK, COLLEEN VESSELL, TYKISHA WILLIAMS,
TALAYA GALES, BIANCA GARCIA, SHEVONNE DAVIS and
JANE DOE,
                    Defendants.

------------------------------------------------------------------------X

19- CV-4623 (DLI) (SJB)

**AMENDED ANSWER TO**
**AMENDED COMPLAINT**
Jury Trial Demanded

        The defendant, CORRECTION OFFICER TYKISHA WILLIAMS, by her attorneys, WILLIAM P. NOLAN, ESQ. answering the Amended Complaint of the plaintiff herein:

### ANSWERING EACH AND EVERY CAUSE
### OF ACTION OF THE COMPLAINT

        1.        Denies each and every allegation contained in paragraph "1" of the Amended Complaint.

        2.        Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint.

3.	Denies each and every allegation contained in paragraph "3" of the Amended Complaint.

4.	Denies each and every allegation contained in paragraph "4" of the Amended Complaint.

5.	Denies each and every allegation contained in paragraph "5" of the Amended Complaint.

6.	Denies each and every allegation contained in paragraph "6" of the Amended Complaint.

7.	Denies each and every allegation contained in paragraph "7" of the Amended Complaint.

8.	Denies each and every allegation contained in paragraph "8" of the Amended Complaint.

9.	Denies each and every allegation contained in paragraph "9" of the Amended Complaint.

10.	Denies each and every allegation contained in paragraph "10" of the Amended Complaint.

11.	Denies each and every allegation contained in paragraph "11" of the Amended Complaint.

12.     Denies each and every allegation contained in paragraph "12" of the Amended Complaint.

13.     Denies each and every allegation contained in paragraph "13" of the Amended Complaint.

14.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint and refers all questions of law to the trial court.

15.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint and refers all questions of law to the trial court.

16.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint and refers all questions of law to the trial court.

17.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint and refers all questions of law to the trial court.

18.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended

except to admit that decedent died while incarcerated at the Rose M. Singer Center on Rikers Island.

19.       Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint.

20.       Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Amended Complaint.

21.       Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Amended Complaint.

22.       Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint except to admit CORRECTION OFFICER TYKISHA WILLIAMS was employed by the New York City Department of Correction on June 7, 2019 and was acting under the color of state law.

23.       Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint.

24.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint.

26.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

27.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint.

28.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Amended Complaint.

29.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint.

30.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint.

31.     Denies each and every allegation contained in paragraph "31" of the Amended Complaint.

32.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Amended Complaint.

33.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Amended Complaint.

34.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Amended Complaint.

35.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Amended Complaint.

36.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Amended Complaint and refers all questions of law to the trial court.

37.     Denies each and every allegation contained in paragraph "37" of the Amended Complaint.

38.     Denies each and every allegation contained in paragraph "38" of the Amended Complaint.

39.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Amended Complaint.

40.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint.

41.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Amended Complaint.

42.     Denies each and every allegation contained in paragraph "42" of the Amended Complaint.

43.        Denies each and every allegation contained in paragraph "43" of the Amended Complaint.

44.        Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Amended Complaint.

45.        Denies each and every allegation contained in paragraph "45" of the Amended Complaint.

46.        Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Amended Complaint and refers all questions of law to the trial court.

47.        Denies each and every allegation contained in paragraph "47" of the Amended Complaint.

48.        Denies each and every allegation contained in paragraph "48" of the Amended Complaint.

49.        Denies each and every allegation contained in paragraph "49" of the Amended Complaint.

50.        Denies each and every allegation contained in paragraph "50" of the Amended Complaint.

51.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint and refers all questions of law to the trial court.

52.     Denies each and every allegation contained in paragraph "52" of the Amended Complaint.

53.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Amended Complaint.

54.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Amended Complaint, except to admit Williams began banging on the decedents cell.

55.     Denies each and every allegation contained in paragraph "55" of the Amended Complaint.

56.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Amended Complaint except to admit Captain Kimberly McZick arrived and entered decedent's cell.

57.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Amended Complaint.

58.     Denies each and every allegation contained in paragraph "58" of the Amended Complaint.

59.     Denies each and every allegation contained in paragraph "59" of the Amended Complaint.

60.     Denies each and every allegation contained in paragraph "60" of the Amended Complaint.

61.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Amended Complaint.

62.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Amended Complaint.

63.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Amended Complaint.

64.     Denies each and every allegation contained in paragraph "64" of the Amended Complaint.

65.     Denies each and every allegation contained in paragraph "65" of the Amended Complaint.

66.     Denies each and every allegation contained in paragraph "66" of the Amended Complaint.

67.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Amended Complaint.

68.     Denies each and every allegation contained in paragraph "68" of the Amended Complaint.

69.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Amended Complaint.

70.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Amended Complaint.

71.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Amended Complaint.

72.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Amended Complaint.

73.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Amended Complaint.

74.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Amended Complaint.

75.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Amended Complaint.

76.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Amended Complaint.

77.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Amended Complaint.

78.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Amended Complaint.

79.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Amended Complaint.

80.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Amended Complaint.

81.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Amended Complaint.

82.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Amended Complaint.

83.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Amended Complaint.

84.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Amended Complaint.

85.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Amended Complaint.

86.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Amended Complaint.

87.     Denies each and every allegation contained in paragraph "87" of the Amended Complaint.

88.     Denies each and every allegation contained in paragraph "88" of the Amended Complaint.

89.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "88" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

90.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Amended Complaint except to admit Correction Officer Tykisha Williams was employed by New York City.

91. Denies each and every allegation contained in paragraph "91" of the Amended Complaint.

92. Denies each and every allegation contained in paragraph "92" of the Amended Complaint.

93. Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "92" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

94. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Amended Complaint.

95. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Amended Complaint.

96. Denies each and every allegation contained in paragraph "96" of the Amended Complaint.

97. Denies each and every allegation contained in paragraph "97" of the Amended Complaint.

98. Denies each and every allegation contained in paragraph "98" of the Amended Complaint.

99. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Amended Complaint.

100. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Amended Complaint.

101. Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "100" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

102. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Amended Complaint and refers all questions of law to the trial court.

103. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Amended Complaint and refers all questions of law to the trial court.

104.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Amended Complaint and refers all questions of law to the trial court.

105.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "105" of the Amended Complaint and refers all questions of law to the trial court.

106.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "106" of the Amended Complaint and refers all questions of law to the trial court.

107.     Denies each and every allegation contained in paragraph "107" of the Amended Complaint.

108.     Denies each and every allegation contained in paragraph "108" of the Amended Complaint.

109.     Denies each and every allegation contained in paragraph "109" of the Amended Complaint.

110.     Denies each and every allegation contained in paragraph "110" of the Amended Complaint.

111.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in

paragraph numbered "1" through "110" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

112.        Denies each and every allegation contained in paragraph "112" of the Amended Complaint.

113.        Denies each and every allegation contained in paragraph "113" of the Amended Complaint.

114.        Denies each and every allegation contained in paragraph "114" of the Amended Complaint.

115.        Denies each and every allegation contained in paragraph "115" of the Amended Complaint.

116.        Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "115" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

117.        Denies each and every allegation contained in paragraph "117" of the Amended Complaint.

118.        Denies each and every allegation contained in paragraph "118" of the Amended Complaint.

119.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "118" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

120.     Paragraph "120" of the Amended Complaint contains conclusions of law, not allegations of fact and, as such, does not require a response.

121.     Denies each and every allegation contained in paragraph "121" of the Amended Complaint.

122.     Denies each and every allegation contained in paragraph "122" of the Amended Complaint.

123.     Denies each and every allegation contained in paragraph "123" of the Amended Complaint.

**FOR A FIRST, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, UPON INFORMATION AND BELIEF:**

124.     That the plaintiff's Amended Complaint fails to state sufficient facts to constitute a cause of action against this defendant.

**FOR A SECOND, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, UPON INFORMATION AND BELIEF:**

125.     Defendant did not violate any rights, privileges, or immunities under the Constitution or the laws of the United States, the State of New York, or any political subdivision thereof.

**FOR A THIRD, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, UPON INFORMATION AND BELIEF:**

126.     That this action was not commenced within the applicable time limits, therefore, the Statute of Limitations constitutes a complete defense to the plaintiff's action.

**FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, UPON INFORMATION AND BELIEF:**

127.     That any injuries or damages sustained by the plaintiff or decedent were occasioned through the negligence and culpable conduct on the part of the plaintiff.

**FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, UPON INFORMATION AND BELIEF:**

128.     That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

**FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, UPON INFORMATION AND BELIEF:**

129.     Upon information and belief, any part of future costs and/or expenses incurred or to be incurred by plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

**FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

130.     That the answering defendant, if found to be at all liable, is entitled to a limitation of that liability pursuant to Article 16 of the CPLR.

**FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

131.     Defendant is entitled to immunity as said Defendant did reasonably, properly and lawfully exercise discretion as a public employee herein.

**FOR A NINTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

132.     At the time and place mentioned in the Complaint, the answering defendant violated no legal duty.

**FOR A TENTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS <u>COURT, UPON INFORMATION AND BELIEF:</u>**

133.     Plaintiff's request for punitive damages should be denied because defendant did not undertake any conduct that was in any way wanton, reckless or outrageous.

**FOR AN ELEVENTH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

134.     At all times relevant to the acts alleged in the Amended Complaint, Answering Defendant acted reasonably, properly, lawfully and in good faith.

**FOR A TWELVETH, SEPARATE AND COMPLETE DEFENSE THE DEFENDANT RESPECTFULLY SHOWS THIS COURT, <u>UPON INFORMATION AND BELIEF:</u>**

135.     Plaintiff failed to satisfy mandatory conditions precedent to the instant action including but without limitation, those established under Sections 50-e, 50-h and 50-I of the New York General Municipal Law.

Defendant reserves the right to amend and/or supplement these affirmative defenses during the course of this litigation.

### FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

136.     At all times relevant in this action, all of the actions of defendant were performed as part of her duties and within the scope of her employment and the rules and regulations as a Correction Officer for the New York City Department of Correction.

137.     Any damages sustained by the plaintiff at the time or place mentioned in the Complaint are embraced within the indemnification clause of Section 50-k of the New York State Municipal Law.

138.     Pursuant to 50-K(3), if it is shown that the defendant is in any way liable to the plaintiff based upon the allegations in the Complaint, the defendant is

entitled to recover from the City of New York the full amount of the judgement which might be rendered against the defendant.

## SECOND CROSS-CLAIM AGAINST
## DEFENDANT CITY OF NEW YORK

139.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "138" of the Amended Complaint with the same force and effect as if here repeated and again set forth at length.

140.    Defendant has denied the material allegations asserted against her in the underlying action and has asserted affirmative defenses.

141.    If the plaintiff sustained injuries and damages alleged in the Complaint, such injuries and damages were sustained by reason of negligence by the Defendant City of New York, its agents, servants and/or employees.

141.    Therefore, if the injuries and damages alleged in the Complaint were caused as a result of negligence or wrongdoing other than by plaintiff's own culpable conduct, then such damage is a result of the knowing, reckless and/or grossly negligent acts and omissions of the Defendant City of New York and its supervisory officials, and not Defendant Williams.

142.    Consequently, if it si shown that the defendant is in any way liable to the plaintiff based upon the allegations in the Complaint, defendant is entitled to recover

from the City of New York the full amount of any judgment that might be rendered against the defendant.

   **WHEREFORE**, the defendant, respectfully demands:

   (a) demands judgment against the plaintiff dismissing the Amended Complaint herein, together with costs and disbursements of this action;

   (b) Judgement on each cross-claims against the defendant City of New York for the amount of any judgement that may be obtained herein by the plaintiff against the defendant, or in an amount equal to the excess over and above her equitable share of any such judgment, and;

   (c) Judgement granting the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  Garden City, New York
August 14, 2020

                              WILLIAM P. NOLAN, ESQ.

                              By _____
                                 WILLIAM P. NOLAN
                              Attorneys for Defendant
                              CORRECTION OFFICER TYKISHA WILLIAMS
                              1103 Stewart Avenue, Suite 200
                              Garden City, New York 11530
                              (516)280-6633

TO:    David B. Shanies Law Office
       411 Lafayette Street, Sixth Floor
       New York, New York 10003

Corporation Counsel of the City of New York
100 Church Street, 2nd Floor
New York, New York 10007

Donald J. Yanella, ESQ.
233 Broadway, Suite 2370
    New York, New York 10279

Frankie & Gentile, P.C.
1527 franklin Avenue, Suite 104
Mineola, New York 11501